IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-1479-BO

| | | |
|---|---|---|
| BOBBY OGAN, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| FUTURE MOTION, INC., | ) | |
|     *Defendant*. | ) | |

This matter is before the Court on plaintiff Bobby Ogan's motion for entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure. [DE 8]. Defendant Future Motion, Inc. responded in opposition, and plaintiff timely replied. [DE 11, 14]. The motion is now ripe for adjudication. [DE 8]. For the following reasons, plaintiff's motion for entry of default is denied. [DE 8].

## BACKGROUND

When considering a Rule 55 motion, the Court "accepts as true the well-pleaded factual allegations in the complaint as to liability." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F.Supp.2d 680, 684 (D. Md. 2013) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001)). The relevant facts are discussed herein.

Plaintiff is a citizen of North Carolina, and defendant is a company with its principal place of business in California. [DE 1 at 25]. Defendant manufactures one-wheel, battery-powered skateboards ("one-wheel skateboards"). [DE 1 at 1]. Plaintiff purchased one of these skateboards from defendant in October 2018. [DE 1 at 25]. Plaintiff used the one-wheel skateboard for multiple

years, but ceased doing so in April 2021, when plaintiff fell off the one-wheel skateboard while riding it. [DE 1 at 25-26].

On November 2, 2023, plaintiff through counsel, filed an eight-count complaint against defendant based on plaintiff's experience using the one-wheel skateboard. [DE 1]. On November 9, 2023, the Clerk of this Court issued plaintiff a summons to serve on defendant. [DE 5]. Plaintiff, through a process server, attempted to serve defendant with the summons on November 14, 2023. [DE 6, 8]. Per the documents provided, plaintiff attempted to serve the summons on Clifford Swell, an employee at Future Motion, Inc.'s headquarters in Santa Cruz, California. [DE 6]. The summons afforded defendant 21-days to respond to plaintiff's complaint. [DE 5, 6]. Defendant did not file an answer to plaintiff's complaint.

A few months later, on February 6, 2024, plaintiff filed the instant motion for entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure. [DE 8]. Plaintiff served the motion on defendant's National Counsel via email. [DE 11, 13]. Defendant responded to the motion in opposition, arguing that plaintiff failed to properly serve the summons and complaint on defendant. [DE 11]. Defendant further argued that, in the alternative, the Court should find good cause to set aside the entry of default. [DE 11]. Plaintiff filed a timely reply. [DE 14].

## DISCUSSION

Before the Court may entertain a motion for entry of default, it must first determine whether plaintiff established that he properly served defendant with the summons and complaint. *See Joe Hand Promotions, Inc. v. GFL United LLC*, 645 F.Supp.3d 530, 534 (2022); *see also* Fed. R. Civ. P. R. 55(b). Proper service is imperative, because "[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). Accordingly, the preliminary question

2

before the Court is whether plaintiff demonstrated that he properly served defendant with the summons and complaint. *Joe Hand Promotions, Inc.*, 645 F.Supp.3d at 534.

Because Future Motion, Inc. is a corporation, the Court looks to the rule governing service upon a corporation, partnership, or association: Rule 4(h). Subsection (1)(B) authorizes service upon a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. R. 4(h)(1)(B). Alternatively, subsection (1)(A) requires service upon a corporation be made in compliance with the state law in the state where the district court is located or in the state where the service is made. Fed. R. Civ. P. R. 4(h)(1)(A). As such, plaintiff may follow either North Carolina or California state law on service of process. *Id.*

Under North Carolina law, service may be made upon corporation in four ways. N.C. R. Civ. P. R. 4(j)(6)(a)-(d). Relevant here, service may be accomplished "[b]y delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office," N.C. R. Civ. P. R. 4(j)(6)(a), or "[b]y delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute," R. 4(j)(6)(b). Alternatively, under California state law, a summons may be served upon a corporation by delivering the summons and complaint "[t]o the person designated as agent for service of process as provided by any provision in Section 202, 1502, 2105, or 2107 of the [California] Corporations Code," Cal. Civ. Proc. Code § 416.10(a), or "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general

3

manager, or a person authorized by the corporation to receive service of process," § 416.10(b). Regardless of whether plaintiff elects to serve a defendant pursuant to Rule 4(h)(1)(A) or (B), "[t]he burden of proving service under Federal Rule of Civil Procedure 4 rests with the plaintiff[]." *See Joe Hand Promotions, Inc.*, 645 F.Supp.3d at 534-35 (citations omitted).

In the instant case, the Court concludes that plaintiff has not satisfied his burden of demonstrating that he properly served defendant in accordance with the federal, North Carolina, or California rules governing service of process. *See* Fed. R. Civ. P. R. 4(h)(1)(A)-(B); N.C. R. Civ. P. R. 4(j)(6)(a)-(d); Cal. Civ. Proc. Code § 416.10(a)-(d). *See also Joe Hand Promotions, Inc.*, 645 F.Supp.3d at 534-35. Plaintiff has not supplied the Court with any objective evidence to establish that Clifford Swell – the employee plaintiff's process server attempted to serve with the summons and complaint – is a designated "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. R. 4(h)(1)(B). Further, plaintiff has not demonstrated that Clifford Swell falls within the categories of individuals authorized to accept service of process under either North Carolina or California law. *See* N.C. R. Civ. P. R. 4(j)(6)(a)-(d); Cal. Civ. Proc. Code § 416.10(a)-(d). Rather, the only evidence before this Court indicates that Clifford Swell was not authorized to accept the process server's delivery of a summons and complaint. [DE 11, 13].

While plaintiff asserts that Clifford Swell was authorized to accept plaintiff's service of the summons and complaint, plaintiff's contention is not supported by record evidence. [DE 11, 13, 14]. At best, the record indicates that Clifford Swell had authorization to accept deliveries; however, such authority does not correlate to the ability to receive service of a summons and complaint. [DE 11, 14]. *See Joe Hand Promotions, Inc.*, 645 F.Supp.3d at 536 (finding that plaintiff failed to properly serve company with summons and complaint where "[t]here is no proof

4

that" the individual who signed for the delivery "was an appropriate person . . . to accept service of process"); *see also Chapman v. U.S. EEOC*, No. C07-1527 SBA, 2008 WL 782599, at *3 (N.D. Cal. Mar. 24, 2008) (concluding that plaintiff's service of summons and complaint on a clerical employee was insufficient under Rule (4)(h)). This conclusion is further supported by plaintiff's service of the motion for entry of default upon defendant's National Counsel, rather than an employee, such as Clifford Swell, at Future Motion, Inc.'s headquarters. [DE 11, 13].

Based on the foregoing, the Court concludes that there is insufficient evidence to demonstrate that plaintiff properly served defendant in accordance with the federal, North Carolina, or California rules governing service of process. Because plaintiff has not demonstrated that he properly served defendant, the Court will deny plaintiff's motion for entry of default. [DE 8]. *See Norfolk S. Ry. Co. v. Old Stage Partners, LLC*, No. 5:07–CV457–F, 2008 WL 5220219, at *3 (E.D.N.C. Dec. 12, 2008) (refusing to enter default judgment because of questions concerning service).

## CONCLUSION

Accordingly, the motion for entry of default [DE 8] is DENIED. Plaintiff is DIRECTED to submit corrected summons for defendant no later than thirty days following the Court's order, or the Court may dismiss this case with prejudice.

SO ORDERED, this __15__ day of May, 2024.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE